UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| CSX TRANSPORTATION, INC. | )<br>) |
| Plaintiff, | ) Case No. 1:20-cv-99-LG-RHW<br>) |
| v. | ) JURY DEMANDED<br>)<br>) |
| ECHO TRANSPORTATION SOLUTIONS, LLC;<br>TBL GROUP, INC.; | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

## COMPLAINT FOR DAMAGES

COMES NOW, the Plaintiff, CSX Transportation, Inc. ("CSXT") by and through its counsel of record, files this, its Complaint for Damages against Echo Transportation Solutions, LLC and TBL Group, Inc., and states as follows:

### I. PARTIES

1. CSX Transportation, Inc, is a rail carrier and a Virginia corporation with its principal place of business in Florida, authorized to do business in the State of Mississippi, including within Biloxi, Harrison County, Mississippi.

2. Echo Transportation Solutions, LLC, is a for-profit Texas corporation with its principal place of business in Texas, authorized and doing business in Harrison County, Mississippi. Defendant Echo Transportation Solutions, LLC (hereinafter "Echo") can be served through its registered agent: Elisa C. Fox, Decker Jones, 801 Cherry Street, Suite 2000, Ft. Worth, Texas 76102.

1

3. TBL Group, Inc., is a for-profit Texas corporation with its principal place of business in Texas, authorized and doing business in Harrison County, Mississippi. Upon information and belief, TBL Group, Inc. is the parent company to Echo Transportation Solutions, LLC and can be served with process through its registered agent: Jeremy C. Levine, 146 Westcott Street, Suite 200, Houston, TX, 77007

## II.     JURISDICTION AND VENUE

4. The collision giving rise to this litigation occurred in Harrison County, Mississippi.

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C.§ 1332(a) as there is complete diversity of citizenship between Plaintiff and Defendants and more than $75,000.00, exclusive of interest and costs, is at stake.

6. Venue is proper in this Court as Harrison County, Mississippi, is located within the Southern District of Mississippi, Southern Division.

## III.     FACTS & ALLEGATIONS

7. On March 7, 2017, Plaintiff CSXT, through its employees, was operating a train through Harrison County, Mississippi, upon CSXT owned and operated tracks.

8. Eventually, the train began to approach the Main Street at-grade crossing in Biloxi, Mississippi.

9. At approximately the same time and place, a charter bus was traveling North on Main Street in Biloxi, Mississippi.

10. The subject bus was owned and operated by Echo Transportation Solutions and/or TBL Group, Inc., and was being driven by Louis Ambrose, Jr., an employee or agent of Echo and/or TBL Group, Inc.

11. The approaches to the Main Street at-grade crossing were marked by Low Ground Clearance signs.

12. Despite these posted warnings, Louis Ambrose attempted to negotiate the railroad crossing and, due to the physical dimensions of the bus, became stuck in the center of the CSXT tracks.

13. Upon information and belief, Louis Ambrose activated a device to raise the rear, consequently lower the front of the charter bus, in anticipation of attempting to negotiate the low ground clearance crossing.

14. Meanwhile, upon approach to the crossing, the CSXT train crew noticed a charter bus stopped in the center of the rail crossing.

15. Despite signaling its approach through auditory devices of a locomotive horn and bell and visually through its lights, the charter bus did not vacate the center of CSXT owned tracks.

16. Upon realizing the charter bus was not going to move, CSXT employees engaged the emergency braking system and otherwise used all available resources to attempt to stop the train.

17. Despite these efforts, the CSXT train could not come to a complete stop and struck the charter bus.

18. At no time prior to impact had the operator of the charter bus, Louis Ambrose, engaged the bus's emergency flashers or otherwise indicated it was in a position of peril.

19. Upon information and belief, the bus was immobilized on the at-grade crossing for several minutes.

20. At no time prior to impact did Louis Ambrose call emergency personnel or the 1-800 number posted by CSXT at the subject crossing.

## COUNT I - NEGLIGENCE

21. Plaintiff realleges and reincorporates Paragraphs 1 through 20 of its Complaint by reference herein.

22. At all times relevant hereto, Louis Ambrose was acting in his capacity as an agent or employee of Echo Transportation Solutions, Inc. and/or TBL Group, Inc.

23. Ambrose owed a duty to CSXT and others to operate the charter bus he was driving on March 7, 2017, at the time and place referenced herein and above, with reasonable care and in compliance with all applicable laws and standards.

24. Further, upon information and belief, Ambrose held a commercial driver's license and, therefore, had a duty to operate the charter bus in the manner of a reasonable CDL holder.

25. Ambrose breached the aforementioned duty or duties on March 7, 2017, in the following particulars:

    a. Negligently disregarding traffic control devices and advance warning signs;

    b. Negligently disregarding locomotive advance warning horn and bell;

    c. Negligently disregarding the locomotive that was there to be seen;

    d. Negligently failing to maintain control of his vehicle;

    e. Negligently failing to notify emergency personnel or CSXT of his position of peril;

    f. Negligently lowering the front of the subject charter bus prior to attempting to negotiate the subject crossing;

    g. Negligently attempting to negotiate the subject crossing;

    h. Negligently failing to use reasonable and ordinary care in the operation of vehicle;

4

        i.      Negligently failing to act in accordance with knowledge imputed to him as the holder of a commercial driver's license.

26.     The train-vehicle grade crossing collision on March 7, 2017, and resulting damages to CSXT, were directly and proximately caused by Ambrose's aforementioned breach(es) of duty or duties.

27.     These acts or omissions of Ambrose are imputed to Echo Transportation Solutions, LLC and TBL Group, Inc. by operation of the doctrine of *respondeat superior*.

28.     Echo Transportation Solutions, LLC and TBL Group, Inc. are liable in damages to CSXT based upon the breach(es) of duty or duties at the time and place referenced herein and above and the resulting property damage and other costs, expenses, and fees incurred by CSXT resulting in whole or in part from same.

## COUNT II – NEGLIGENCE *PER SE*

29.     Plaintiff realleges and reincorporates Paragraphs 1 through 28 of its Complaint by reference herein.

30.     At all times relevant hereto, Louis Ambrose was acting in his capacity as an agent or employee of Echo Transportation Solutions, Inc. and/or TBL Group, Inc.

31.     On March 7, 2017, at the time and place referenced herein and above, Ambrose was guilty of violating one or more of the following laws, statutes, or regulations as set forth in the Mississippi Code Annotated, each and every one of which was in full force and effect at the time and place of the incident:

> **M.C.A. § 63-3-313. Disobedience of official traffic-control devices**
>
> No driver of a vehicle shall disobey the instructions of any official traffic-control device placed in accordance with the provisions of this chapter, unless at the time otherwise directed by a police officer.

**M.C.A. § 6-3-1011.  Stops at railroad grade crossings by vehicles carrying passengers for hire or explosive substances and school buses**

(1) The driver of any motor vehicle carrying passengers for hire or of any vehicle carrying explosive substances of flammable liquids as a cargo or part of a cargo, before crossing at grade any track or tracks of a railroad, shall stop the vehicle within fifty (50) feet but not less than fifteen (15) feet from the nearest rail of the railroad. While stopped, the driver shall listen and look in both directions along the track for:

> (a) Any approaching train or any other vehicle operated upon the rails for the purpose of maintenance of railroads, including, but not limited to, all hi-rail vehicles and on-track maintenance machines; and

> (b) Signals indicating the approach of a train or any other vehicle or machine operated upon the rails. The driver shall not proceed until he can do so safely.

(2) No stop need be made at any crossing where a police officer or a traffic control signal directs traffic to proceed.

(3) The driver of every school transportation vehicle used to transport pupils, upon approaching any railroad crossing, shall comply with the provisions of Section 37-41-55.

**M.C.A. § 63-3-1201. Reckless Driving**

Any person who drives any vehicle in such a manner as to indicate either a wilful or a wanton disregard for the safety of persons or property is guilty of reckless driving. Reckless driving shall be considered a greater offense than careless driving.

Every person convicted of reckless driving shall be punished upon a first conviction by a fine of not less than Five Dollars ($ 5.00) nor more than One Hundred Dollars ($ 100.00), and on a second or subsequent conviction he may be punished by imprisonment for not more than ten (10) days or by a fine of not exceeding Five Hundred Dollars ($ 500.00), or by both.

**M.C.A. § 63-3-1213. Careless Driving**
Any person who drives any vehicle in a careless or imprudent manner, without due regard for the width, grade, curves, corner, traffic and use of the streets and highways and all other attendant circumstances is guilty of careless driving. Careless driving shall be considered a lesser offense than reckless driving.

Every person convicted of careless driving shall be punished by a fine of not less than Five Dollars ($ 5.00) nor more than Fifty Dollars ($ 50.00).

32. The train-vehicle grade crossing collision on March 7, 2017, and resulting damages to CSXT were directly and proximately caused by Ambrose's' aforementioned breach(es) of duty or duties and violation of statute constituting negligence *per se*.

33. These acts or omissions of Ambrose, including the violations of the foregoing statutes, are imputed to Echo Transportation Solutions, LLC and TBL Group, Inc. by operation of the doctrine of *respondeat superior*.

34. Echo Transportation Solutions, LLC and TBL Group, Inc., are liable in damages to CSXT based upon breach(es) of duty or duties and violation of statute(s), constituting negligence *per se*, at the time and place referenced herein and above and the resulting property damage and other costs, expenses, and fees incurred by CSXT resulting in whole or in part from same.

## IV. DAMAGES

35. Plaintiff realleges and reincorporates Paragraphs 1 through 34 of its Complaint by reference herein.

36. As a direct and proximate result of the incident described herein caused by the negligence and/or negligence *per se* of Echo Transportation Solutions, LLC, and/or TBL Group, Inc., CSXT has suffered damage to its property, namely its locomotive CSXT 230, CSXT 7805, and CSXT 7870; additionally, CSXT has suffered from the loss of use of its property namely its locomotive CSXT 230, CSXT 7805, and CSXT 7870, and its facilities including those located in Harrison County, Mississippi, and Waycross, Georgia; additionally CSXT suffered damages to the signals, grade crossing equipment affected; and incurred significant train delay, cleanup, inspection, repair, and replacement costs relating to same.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, CSX Transportation, Inc., by and through its attorney of record demand judgment against Defendants, Echo Transportation Solutions, LLC and TBL Group, Inc., jointly and severally, in an amount not to exceed $8,000,000.00 inclusive of cost. Plaintiff, CSX Transportation, Inc., further prays the Court for such other, present and general relief to which it may be entitled in law, equity and otherwise and the right to amend these pleadings to conform to the facts as they may develop and for all costs and to any further relief to which Plaintiff may be entitled.

The Plaintiff herein demands a jury to try the issues when joined.

Dated: March 6, 2020                                     Respectfully submitted,

                                                          CSX TRANSPORTATION, INC.


                                                          　/s/ S. Camille Reifers
                                                          S. Camille Reifers
                                                          John J. Bennett
                                                          BOYLE BRASHER LLC
                                                          80 Monroe Avenue, Suite 410
                                                          Memphis, TN  38103
                                                          T:  901.521.2860
                                                          F:  901.521.2861
                                                          creifers@boylebrasher.com
                                                          jbennett@boylebrasher.com
                                                          Mississippi State Bar No. 99657
                                                          Mississippi State Bar No. 104663
                                                          *Counsel for Defendant*
                                                          *CSX Transportation, Inc.*